IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KIMZEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant.<br>_____ | ) Case No.: 1:09-cv-01808 JLT<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART PLAINTIFF'S MOTION<br>) FOR ATTORNEYS' FEES PURSUANT TO<br>) EQUAL ACCESS TO JUSTICE ACT,<br>) 28 U.S.C. § 2412(d)<br>)<br>) (Doc. 23)<br>)<br>) |

Sengthiene Bosavanh, attorney for Plaintiff Brian Kimzey, seeks an award of attorney fees pursuant to 42 U.S.C. § 2412(d). (Doc. 23). Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"), has opposed the motion, asserting the amount of fees sought is excessive. (Doc. 26). For the following reasons, the motion for attorneys' fees is **GRANTED IN PART AND DENIED IN PART**.

**I.  Factual and Procedural History**

Plaintiff commenced this action on October 9, 2009, seeking review of an administrative decision denying him benefits. (Doc. 1). On March 30, 2011, the Court issued an order directing a remand pursuant to sentence four of 42 U.S.C. § 405(g). The Court determined the ALJ erred in assessing the opinions of physicians because the ALJ failed to set forth specific, legitimate reasons supported by substantial evidence in the record for rejecting physician's opinions and did not pose a proper hypothetical question to the vocational expert. (Doc. 20 at 18-21, 35). In addition, the Court

found the ALJ failed to set forth legally sufficient reasons for rejecting the testimony of Plaintiff and the statement of a third party. *Id.* at 21-34.

Following the entry of judgment, Plaintiff timely filed an application for EAJA fees on June 28, 2011 (Doc. 23). Defendant filed an opposition to the motion on July 28, 2008 (Doc. 26), to which Plaintiff replied on September 14, 2011 (Doc. 29).

## II.  Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The Court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the Court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended' should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20 at 37). Defendant does not dispute that Plaintiff is a prevailing party for the purposes of an award of EAJA fees and does not argue that the position of the Commissioner was substantially justified. (Doc. 26 at 2). Rather, Defendant asserts Plaintiff "is only entitled to 'reasonable' EAJA fees and his request is excessive." *Id.*

#### A. Ms. Bosavanh's time

Defendant contends the hours sought for work attributed to Ralph Wilborn[1] are reasonable, but "Plaintiff's decision to bill another 18.4 hours for work done by Ms. Bosavanh is excessive and should be denied outright." (Doc. 26 at 3). According to Defendant, the hours attributed to Ms. Bosavanh are "duplicative, clerical and excessive." (Doc. 26 at 2-3). Therefore, Defendant asserts Plaintiff should not be compensated for the legal services provided by Ms. Bosavanh, as set forth in her affidavit. (Doc. 23-2).

##### 1. Duplicative tasks

Defendant argues that "none of the work billed for Ms. Bosavanh to review the record, Defendant's pleadings/responses, review Mr. Wilborn's work or this Court's substantive order should be compensated." (Doc. 26 at 3). Specifically, Defendant objects to the following entries of Ms. Bosavanh as duplicative:

| DATE | NATURE OF LEGAL SERVICES | TIME |
|---|---|---|
| 08/24/09 | Review ALJ decision, AC denial, and case notes for merits of federal court appeal | 1.4 |
| 08/28/09 | Conference with in house attorney re: merits of case | 0.3 |
| 02/20/10 | Review contents of transcript | 1.2 |
| 04/11/10 | Review file and confidential letter brief from Attorney Wilborn | 1.3 |

---

[1] Defendant observed Mr. Wilborn "wrote the confidential letter brief, district court briefs and the EAJA application." (Doc. 26 at 2). In his declaration, Mr. Wilborn explains that he is "a contract attorney employed to assist Attorney Sengthine Bosavanh in this matter..." (Doc. 23-3).

| | | |
|---|---|---|
| 05/10/10 | Review respondent confidential letter brief from OGC Attorney | 0.2 |
| 06/08/10 | Review file and opening brief from Attorney Wilborn | 1.2 |
| 07/09/10 | Review OGC's opposition brief | 0.6 |
| 08/30/10 | Review and file reply brief from Attorney Wilborn | 0.7 |
| 03/30/11 | Review court order directing remand and order directing entry of judgment | 0.2 |
| 03/30/11 | Contact Attorney Wilborn regarding judgment | 0.1 |

*Id.* Defendant concludes the fee award should be reduced by the 7.2 hours represented above. *Id.*

On the other hand, Plaintiff asserts there is "some necessary duplication of effort" by Ms. Bosavanh and Mr. Wilborn. (Doc. 29 at 4-5) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Plaintiff contends Ms. Bosavanh "must review the contents of the administrative transcript, familiarize herself with the record, and familiarize herself with the Commissioner's arguments and positions in order to comply with her state bar ethical obligations and Rule 11 duties." (Doc. 29 at 3). According to Plaintiff, "The fact that Mr. Wilborn reviews the record in significantly greater detail as part of his analysis for the brief-writing does not obviate the necessity of [Ms. Bosavanh] to familiarize herself with the record and the briefs submitted by the Commissioner." *Id.* at 3-4. Therefore, Plaintiff urges the Court to follow *Moreno* and compensate the duplicative tasks. *Id.* at 5.

Recently, this Court reviewed the arrangement between Ms. Bosavanh and Mr. Wilborn, and observed: "Mr. Wilborn is performing a majority of the research and brief writing. Therefore, certain time spent performing duplicative work will not be compensated. The Government should not be forced to pay increased fees simply because Ms. Bosavanh has decided to employee another attorney to actually write the briefs." *Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 76983, at *16 (E.D. Cal. July 21, 2011). Nevertheless, the Court determined, "There are certain instances . . . where some overlap is warranted, i.e., in reviewing certain documents to assess the merits of the federal court action." *Id*.

The Court acknowledges that Ms. Bosavanh, as counsel of record, had an obligation to familiarize herself with the facts and merits of the action and it was necessary for Ms. Bosavanh to review documents related to the administrative decision and preparation of the court action.

4

Likewise, it was appropriate for Ms. Bosavanh to review documents prepared by Mr. Wilborn prior to filing. Previously, this Court noted: "Time spent by Ms. Bosavanh reviewing Mr. Wilborn's briefing and signing the documents is compensable based on her responsibility to the Court under Rule 11." *VonBerckefeldt v. Astrue*, 2011 U.S. Dist. LEXIS 76356, at *21-22 (E.D. Cal. July 14, 2011). Although the Court recognizes that review of the documents prepared by Mr. Wilborn is duplicative in nature, the Court has allowed 0.5 hour for review and filing of each document. *See, e.g, Stairs*, 2011 U.S. Dist. LEXIS 13486, at *7 (decreasing the requested amount of fees for reviewing the confidential letter brief from 1.0 to 0.5 hour and the amount requested for review and filing of the opening brief and reply brief from 1.9 hours to 1.0 total); *Fontana v. Astrue*, 2011 U.S. Dist. LEXIS 79666, at *11 (E.D. Cal. July 21, 2011) (allowing 0.5 hour for reviewing the confidential letter brief, though the time sheet indicated 1.1 hours were spent on review); *VonBerckefeldt v. Astrue*, 2011 U.S. Dist. LEXIS 76356, at *21-22 (observing the Court has "allowed .5 hours per document" reviewed). Therefore, Plaintiff's request for fees for the review and filing of documents including the confidential letter brief, the opening brief, and the reply brief prepared by Mr. Wilborn is reduced from a total of 3.2 to 1.5 hours.

However, reviewing the contents of the transcript is duplicative work because Mr. Wilborn was employed to be the researcher and draft documents on behalf of Plaintiff. (Doc. 23-3); *see Stairs v. Astrue*, 2011 U.S. Dist. LEXIS 13486, at *5-6 (E.D. Cal. July 21, 2011) (finding that fees are "not warranted" for receiving and checking the contents of the transcript). Time spent reviewing Defendant's opposition brief is duplicative because Mr. Wilborn attested that he "[r]ead and analyze[d] Defendant's brief" in preparation of Plaintiff's reply. (Doc. 23-3 at 1). *See Singmoungthong v. Astrue*, 2011 U.S. Dist. LEXIS 76999, at *14 (E.D. Cal. July 13, 2011) (time reviewing and forwarding documents "is duplicative and will not be compensated"). Therefore, fees will not be awarded for the 1.8 hours Ms. Bosavanh spent reviewing the transcript and Defendant's opposition to the opening brief.

Defendant has not shown how Ms. Bosavanh's conference with an in-house attorney or review of Defendant's opposition brief were duplicative of work completed by Mr. Wilborn. In addition, it is unclear how Ms. Bosavanh's review of the Court's order directing remand and the order directing

entry of judgment was redundant. Therefore, fees for these tasks are compensable. However, the time for Ms. Bosavanh's contact with Mr. Wilborn regarding judgment is not compensable because she was already aware of the order's contents, and his knowledge thereof was not required.

Consequently, with the reductions applied to the duplicative tasks discussed above, the total of 7.2 hours is reduced to 3.6 hours.[2]

### 2. Clerical tasks

Defendant asserts several of the tasks billed by Plaintiff were "purely clerical . . . and thus are not compensable under the EAJA." (Doc. 26 at 3) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989); *Spegon v. Catholic Bishop*, 175 F.3d 544, 553 (7th Cir. 1999); *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 (5th Cir. 1980)). According to Defendant, fees should not be awarded for the following billing entries– totaling 3.9 hours– because they are clerical in nature:

| DATE | NATURE OF LEGAL SERVICES | TIME |
|---|---|---|
| 08/28/09 | Prepare documents for submission to client | 0.2 |
| 09/26/09 | Review documents from client | 0.2 |
| 10/09/09 | Review court docket filing | 0.1 |
| 10/14/09 | Review court order granting motion to proceed IFP and related documents | 0.2 |
| 10/14/09 | Prepare documents to proceed before magistrate judge | 0.2 |
| 10/14/09 | Review court document notice | 0.1 |
| 10/14/09 | Prepare and review summons return executed | 0.1 |
| 10/14/09 | Review notice and review docket | 0.1 |
| 10/17/09 | Prepare documents for submission to client | 0.2 |
| 10/29/09 | Review documents from client | 0.2 |
| 10/30/09 | Review return receipt from Commissioner of Social Security and U.S. Attorney | 0.1 |
| 11/03/09 | Review return receipt from Attorney General | 0.1 |
| 11/25/09 | Review consent to jurisdiction by magistrate judge by OGC | 0.1 |
| 02/12/10 | Review notice of lodging of transcript | 0.1 |
| 02/12/10 | Review acknowledgment of receipt of transcript | 0.1 |
| 03/11/10 | Prepare extension request documents | 0.4 |
| 03/11/10 | Review court docket notice | 0.1 |

---

[2] This amounts to a reduction of 3.5 hours in 2009 and 0.1 hour in 2010.

6

| 03/15/10 | Review court docket re: order signed | 0.1 |
|---|---|---|
| 04/12/10 | Prepare documents for mailing to client | 0.2 |
| 06/09/10 | Prepare documents for submission to client | 0.2 |
| 08/04/10 | Review docket notice | 0.1 |
| 10/21/10 | Prepare documents for mailing to client | 0.2 |
| 10/27/10 | Review documents from client | 0.2 |
| 03/08/11 | Review order assigning case to a different Judge | 0.1 |
| 04/05/11 | Prepare documents for mailing to client | 0.2 |

(Doc 26 at 4).

Plaintiff asserts that these are not all clerical tasks, and the time expended is compensable. (Doc. 29 at 7). Plaintiff argues, "Part of an attorney's duties include . . . signing and reviewing documents before filing, and reviewing emails and notices of electronic filing from the Court." *Id.* (quoting *Fortes v. Astrue*, 2009 U.S. Dist LEXIS 84770, at * 8 (S.D. Cal. Sept. 17, 2009). Plaintiff asserts review of orders by the Court and documents regarding consent to magistrate judge jurisdiction are not clerical tasks, and must be completed by an attorney. *Id.* at 7-8.

Importantly, clerical tasks such as mailing "are not typically compensable under the EAJA." *Vallejo v. Astrue*, 2011 U.S. Dist. LEXIS 106571, at *14 n. 7 (E.D. Cal. Oct. 22, 2010); *Missouri*, 491 U.S. at 288. On the other hand, "[t]his Court has held many times . . . that tasks such as reviewing court documents, preparing consent forms, [and] preparing service documents are typically performed by an attorney and are compensable." *Fontana*, 2011 U.S. Dist. LEXIS 79666, at * 8; *see also Elijaeh M. V. v. Astrue*, 2010 U.S. Dist. LEXIS 67616, at *5-6 (E.D. Cal. June 15, 2010) (observing that "while filing consent forms with the Court and ensuring that the other party consented may be mundane tasks, they are nonetheless tasks for which the attorney is ultimately responsible"). Likewise, filing for extensions of time are not clerical tasks and may be compensated. *See Stairs*, 2011 U.S. Dist. LEXIS 13486, at *5-6.

Although these tasks are compensable, the Court finds certain time spent was excessive. Notably, Ms. Bosavanh noted the time spent reviewing the Court's order directing remand and the entry of judgment (Doc. 20) was 0.2 hour. (Doc. 23-2). Similarly, Ms. Bosavanh recorded the time for review of the Court's order granting Plaintiff's motion to proceed in forma pauperis "and related

7

documents" as 0.2 hour. However, the Court's order directing remand was nearly forty pages long, while the order granting Plaintiff's motion to proceed IFP was a single page, and Plaintiff has not explained what the "related documents" were to the order. *Compare* Doc. 20 *with* (Doc. 5). Time spent in review of the Court's order and related documents (Doc. 5) will be reduced to 0.1 hour.[3]

Defendant observed, "Plaintiff repeatedly fails to identify which documents were received, submitted or reviewed." (Doc. 26 at 4). In reply Plaintiff explained the documents prepared on August 28, 2009 included a "cover letter, federal court appeal letter, fee agreement, [and] power of attorney document," which were reviewed on September 26, 2009. (Doc. 29 at 9). The document prepared on October 17, 2009, and reviewed October 29, 2009, was an amended fee agreement. *Id.* Ms. Bosavanh prepared cover letters and copies of the confidential letter brief, the opening brief, and reply brief on April 12, 2009; June 9, 2010; and October 2, 2010. *Id.* After receiving the entry of judgment, Ms. Bosavanh "prepare[d] a close out letter regarding judgment in favor of plaintiff," which explained the "meaning and what to expect." *Id.* Given that Ms. Bosavanh prepared cover letters to send with the documents, it does not appear that these entries involved more than mailing the documents and were not entirely clerical, but the time expended by Ms. Bosavanh appears to be excessive and unreasonable. For example, Ms. Bosavanh prepared a cover letter, a fee agreement, and two other documents in 0.2 hour on August 28, 2009. (Doc. 23-2 at 2; Doc. 29 at 9). However, she took the same amount of time to prepare a cover letter and amended fee agreement, as well as to prepare a cover letter to accompany copies of documents for mailing to Plaintiff. *See id.* Therefore, the time expended by Ms. Bosavanh for the above entries dated 04/12/10, 06/09/10, and 10/21/10, which included some clerical work to prepare copies of documents, are reduced by 0.1 hour each. Likewise, the time expended on the amended fee agreement is reduced from 0.4 to 0.2 hour total.

In addition, the Court finds Ms. Bosavanh spent an excessive amount of time on tasks identified above as clerical, but are rather routine and simple tasks to be performed by an attorney. For example, Plaintiff bills 1.2 hours total for tasks that included reviewing the docket, notices of electronic filing, and return receipts. Although Ms. Bosavanh billed a minimal increment for each of

---

[3] Ms. Bosavanh spent 0.1 hour reviewing the Court's order of reassignment, also a single page document. *See* Doc. 23-2 at 2; *see also* Doc. 19.

8

the 12 tasks (0.1 hour each), it takes only a few moments– not six minutes– to review a notice of electronic filing or return receipt. Therefore the 1.2 hours will be reduced to 0.5 hour.[4] *See, e.g, Fontana*, 2011 U.S. Dist. LEXIS 79666, at *8-9 (finding "reviewing Court documents and service documents" are "simple tasks" and finding 0.5 hour was adequate compensation for these tasks, rather than the 1.4 requested). Similarly, preparation and review of the form regarding magistrate judge jurisdiction requires little work. Consequently, the requested time for these tasks will be reduced from 0.3 hour to 0.1. *See Calderon v. Astrue*, 2010 U.S. Dist. LEXIS 117761, at * 14-15 (E.D. Cal. Oct. 22, 2010) (observing the magistrate judge consent form is a "simple, check-the-box type form[] that require[s] little time to complete"). Finally, Plaintiff seeks fees for 0.4 hour to prepare extension request documents. Given the routine nature of such requests, the time is reduced to 0.2 hour for each extension request. *See VonBerckefeldt*, 2011 U.S. Dist. LEXIS 76356, at *24 (noting the Court compensated preparation of extensions previously "at a rate of .2 hours for one extension").

### 3. "Excessive" time on miscellaneous tasks

Defendant objects to several other billing entries as excessive in nature. First, Defendant notes "Plaintiff billed 1.2 hours to file the form complaint and IFP applications and another 1.2 hours to serve the Government. . . . Magistrate Judge Beck recently allowed only 1.3 hours for these combined 'simple tasks.'" (Doc. 26 at 4). Defendant concludes the time expended on these tasks should be reduced by 1.1 hours. *Id.* Plaintiff concedes this reduction. (Doc. 29 at 9).

In addition, Defendant objects to Ms. Bosavanh billing for teleconferences because "Plaintiff fails to explain why any of these brief 'conferences' were anything other than calendaring updates nor why they required attorney work. They should all be eliminated." (Doc. 26 at 4). In reply, Plaintiff asserts, "It is not reasonable to expect that a Social Security disability client whose case is pending appeal for nearly two years should be left in the dark as to what is happening in his case." (Doc. 29 at 9-10). Plaintiff explains:

> Sometimes, a disabled client does not want to proceed with a federal court appeal due to the lack of understanding of the importance and necessity. By the time a disabled client receives his Appeals Council denial, he is very discouraged and needs the undersigned to

---

[4] For purposes of calculating the amount of fees to be awarded, the time will be divided as 0.25 hour in 2009 and 0.25 hour in 2010, because six tasks were completed each year.

9

> explain the federal court process, roles, risks, and time involved in order for him to want to continue the case. Frequently, by this level, a disabled client will insist in conferencing with an attorney instead of clerical staff, even if the attorney might tell him similar information. There is a sense [of] comfort and security that comes with talking to one's attorney rather than a clerical staff person.
>
> Many telephone conferences are initiated by the disabled client, who is usually in dire need, and difficult as a whole to deal with. Most, if not all, disabled clients are also experiencing physical pain and/or mental health problems often resulting in their also experiencing confusion. They call regularly to check the status of the appeal and inquire as to why the process takes so long. By this time, many clients are in dire need and in desperate need of assistance and assurance. Sometimes the telephone conference can take up to half-an-hour due to the need that a client feel[s] to update counsel on what has happened in his life and health since the last conference. However [Ms. Bosavanh] usually only charges about 0.1 to 0.2 hours for talking with clients.

(Doc. 29 at 10). With this circumspect statement, Plaintiff fails to meet his burden to document the hours expended. Plaintiff is not permitted to base the fees requested on what happens "frequently," "often" or in "most" cases. In light of the vagueness of these entries, the fees will be reduced for the entries stating "teleconference[s] with client." *See Chamers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended"), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987); *see also Hensley*, 416 U.S. at 433 (a court may reduce the fee award when "documentation of hours is inadequate"). Therefore, the time expended by Ms. Bosavanh on "teleconferences" will be reduced from 2.3 hours to 1.0 hour.[5]

Finally, Defendant objects to the billing of 1.5 hours for the preparation of Ms. Bosavanh's time sheets in preparation for the EAJA motion. (Doc. 26 at 4). Plaintiff responds that preparation of the time sheet "requires reviewing the file–including briefs, memoranda, attorney correspondence, and documents governing the ultimate case disposition–reviewing all time records, reviewing the docket sheet, and exercise of billing judgment to reduce any time that is apparently excessive." (Doc. 29). Given the work involved in preparation of Ms. Bosavanh's time records, 1.5 hours is reasonable, and this will not be reduced. *See Fontana*, 2011 U.S. Dist. LEXIS 79666 (allowing 1.5 hours for preparation of the EAJA time sheet); *Singmoungthong*, 2011 U.S. Dist. LEXIS 76999 (same) .

---

[5] This amount includes the billed 0.2 hour in 2009 for the conference immediately following Ms. Bosavanh's review of the administrative decision and the merits of the case; 0.4 hour in 2010 for miscellaneous, unexplained conferences; and 0.4 hour in 2011 for the conference immediately following the entry of judgment (for which Ms. Bosavanh billed 0.2 hour) and other unexplained conferences.

B.  Plaintiff's application for supplemental attorney fees

Within Plaintiff's reply brief in support of the motion for EAJA fees, Plaintiff includes an application for supplemental attorneys fees and expenses. (Doc. 29 at 15). Plaintiff seeks "compensation for the additional 5 hours billed for litigating Plaintiff's entitlement to an EAJA fee award." *Id.* Notably, the request for fees is for Mr. Wilborn, who drafted the reply brief in defense of Ms. Bosavanh's entitlement to fees. According to Mr. Wilborn, he spent 5.0 hours reviewing and analyzing Defendant's opposition, and in researching and drafting Plaintiff's reply. (Doc. 29-1 at 1). Such an amount of time is unreasonable.

Defendant opposed only the award of fees for Ms. Bosavanh, who Defendant noted "did not draft any substantive documents in this case." (Doc. 26 at 11). In the opposition brief, Defendant made objections Ms. Bosavanh and Mr. Wilborn have faced a number of times in matters before this Court as a result of their contractual relationship. *See, e.g., Fontana v. Astrue*, 2011 U.S. Dist. LEXIS 79666; *Stairs*, 2011 U.S. Dist. LEXIS 13486; *VonBerckefeldt v. Astrue*, 2011 U.S. Dist. LEXIS 76356. Accordingly, the time spent on the reply brief will be reduced to 3.0 hours.

## IV.  Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorneys fees under the EAJA. However, as discussed above, certain requests were duplicative, clerical, and unreasonable. With the reductions set forth above, Plaintiff is entitled to an award in the total amount of $8,272.12.[6] This amount represents 10.5 hours expended by Ms. Bosavanh (4.45 hours in 2009, 3.65 hours in 2010, and 2.4 hours in 2011), and 36.75 hours expended by Mr. Wilborn (6.25 hours in 2009, 26 hours in 2010, and 4.5 hours in 2011). Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), this amount is payable directly to the plaintiff and not the attorneys who worked on the matter.

///

///

///

---

[6] This amount represents the statutory maximum rate with adjustments for the increases in costs of living for hours completed in 2009 ($172.24 per hour), 2010 ($175.06 per hour), and 2011 ($179.51 per hour). *See "Statutory Maximum Rates Under the Equal Access to Justice Act,"* available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited October 13, 2011).

Accordingly, Plaintiff's application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. 23) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Plaintiff's request for attorney's fees is **GRANTED** in the modified amount of $8,272.12; and
2. This amount is payable to Plaintiff Brian Kimzey.

IT IS SO ORDERED.

Dated:   **October 25, 2011**                                              /s/ Jennifer L. Thurston
                                                                                        UNITED STATES MAGISTRATE JUDGE